**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4949**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RALPH ANTHONY ROSEBORO,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:06-cr-00005-RJC-DCK-1)

———————

Submitted: June 23, 2015         Decided: July 2, 2015

———————

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

David Demers, THE LAW OFFICE OF DAVID DEMERS, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ralph Anthony Roseboro appeals the district court's judgment revoking his term of supervised release and sentencing him to 24 months' imprisonment. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Although advised of his right to file a pro se supplemental brief, Roseboro has not done so. The Government has declined to file a response brief. Following our careful review of the record, we affirm.

We review for abuse of discretion a district court's judgment revoking supervised release and imposing a term of imprisonment. United States v. Pregent, 190 F.3d 279, 282 (4th Cir. 1999); United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2012); Copley, 978 F.2d at 831. The court's factual findings are reviewed for clear error. United States v. Padgett, __ F.3d __, 2015 WL 3561289, *1 (4th Cir. 2015). We conclude that the district court did not clearly err in finding that Roseboro violated a condition of supervised release. Accordingly, the court did not abuse its discretion by revoking supervised release and ordering a term of imprisonment.

2

We will affirm a revocation sentence if it falls within the prescribed statutory range and is not plainly unreasonable. United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). In making this determination, we first consider whether the sentence imposed is procedurally or substantively unreasonable, applying the same general considerations employed in review of original criminal sentences. United States v. Crudup, 461 F.3d 433, 438 (4th Cir. 2006). "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for [Sentencing G]uidelines sentences." United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007) (internal quotation marks omitted). Only if we find the sentence unreasonable will we consider whether it is "plainly" so. United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007).

A supervised release revocation sentence is procedurally reasonable if the district court considered the policy statements contained in Chapter Seven of the Sentencing Guidelines and the 18 U.S.C. § 3553(a) (2012) factors applicable to revocation sentences. 18 U.S.C. § 3583(e) (2012); Webb, 738 F.3d at 641. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Crudup, 461 F.3d at 440.

3

In this case, the record reveals no procedural or substantive error by the district court. We thus conclude that Roseboro's sentence is not plainly unreasonable.

In accordance with <u>Anders</u>, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Roseboro, in writing, of the right to petition the Supreme Court of the United States for further review. If Roseboro requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roseboro. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>